IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| R.D. JOHNSON,<br><br> Plaintiff,<br><br>v.<br><br>CENTRAL CREDIT SERVICES, INC.<br><br> Defendant. | Case No. 6:13-cv-01195-CM-KGG |

## ANSWER

Defendant Financial Recovery Services, Inc. ("FRS"), as and for its Answer to the Complaint of R.D. Johnson ("Plaintiff") in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein.

1.   CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 1 of Plaintiff's Complaint.

2.   CCS admits the allegations set forth in paragraph 2 of Plaintiff's Complaint.

3.   In response to paragraph 3 of Plaintiff's Complaint, CCS admits that Plaintiff has filed this matter under the FDCPA but denies that it violated any law.

4.   CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 4 of Plaintiff's Complaint.

5.   Paragraph 5 of Plaintiff's Complaint states a legal conclusion to which no response is warranted. To the extent any response is deemed necessary, CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 5 of Plaintiff's Complaint.

6. In response to paragraph 6 of Plaintiff's Complaint, CCS admits that at times it is a debt collector as defined by the FDCPA, but has insufficient information and knowledge to either admit or deny that it was a debt collector as defined by the FDCPA in regard to this matter.

7. CCS admits the allegations set forth in paragraph 7 of Plaintiff's Complaint.

8. CCS admits the allegations set forth in paragraph 8 of Plaintiff's Complaint.

9. In response to paragraph 9 of Plaintiff's Complaint, CCS admits that it placed collection calls to Plaintiff in regard to a debt owed to Sallie Mae. CCS further states that Plaintiff's letter speaks for itself. To all other extents, CCS has insufficient information and knowledge to either admit or deny the remaining allegations.

10. CCS denies the allegations set forth in paragraph 10 of Plaintiff's Complaint.

11. CCS denies the allegations set forth in paragraph 11 of Plaintiff's Complaint, and all its subparts.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which CCS denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of CCS.

### THIRD AFFIRMATIVE DEFENSE

Any violation of the FDCPA, which CCS denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

### FOURTH AFFIRMATIVE DEFENSE

CCS further asserts, pleads and incorporates by reference, the affirmative defenses set forth in FRCP 8(c) and 12(b).

**WHEREFORE,** CCS prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against CCS with prejudice and on the merits; and,

2. Awarding CCS such other and further relief as the Court deems just and equitable.

Respectfully submitted,

BERMAN & RABIN, P.A.

/s/Rachel B. Ommerman
Rachel B. Ommerman #21868
15280 Metcalf Ave.
Overland Park, KS 66223
T: 913/649-1555
F: 913/652-9474
rommerman@bermanrabin.com
Attorneys for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May, 2013, I electronically filed the foregoing **ANSWER** with the Clerk of the US District Court, using the CM/ECF system, which will send notification of such filing to James T. McIntyre, at jmcintyrelaw@gmail.com, counsel for Plaintiff.

James T. McIntyre
6235 West Kellogg Drive
Wichita, Kansas 67209
jmcintyrelaw@gmail.com
ATTORNEY FOR PLAINTIFF

/s/ Rachel B. Ommerman
Attorney for Defendant

2349601v1